NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10150 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:18-cr-00345-SI-1 |
| DENNIS PERRY, JR., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted May 13, 2020
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,** District
Judge.

Defendant Dennis Perry appeals the district court's denial of his motion to

suppress a firearm and ammunition that police discovered in his vehicle. We have

jurisdiction under 28 U.S.C. § 1291, and we review *de novo* whether the facts and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

circumstances identified by the district court give rise to reasonable suspicion. *See United States v. Evans*, 786 F.3d 779, 788 (9th Cir. 2015).

Upon review, we conclude that, even without considering the Records Information Management System (RIMS) designation (discussed below), Deputy Constantino had reasonable suspicion to prolong the May 20, 2018 traffic stop to investigate the Public Storage Burglary. *See Rodriguez v. United States*, 575 U.S. 348, 355-57 (2015). The relevant point in time for this analysis is the moment just before Deputy Constantino questioned Perry about the firecracker that had been set off at the Public Storage that morning, i.e., after Constantino had completed the "routine measures" associated with a traffic stop, *id.* at 356, but before he began investigating the burglary.

"[R]easonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for *particularized* suspicion." *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (citation omitted). Constantino knew of ample facts of this kind. The manager of the Public Storage facility had seen Perry on the premises earlier in the morning of May 20, which was seemingly around the time the burglary was committed.[1] The manager also observed Perry "trying to

---

[1] The burglary must have been committed at some point after 9:00 a.m. on May 19, when the property had last been inspected. But Constantino knew both that (1) a

push down the trunk" of his vehicle, which "appeared jammed" with "black tool bags inside." And Constantino learned from the manager that Perry had in the past told her an odd story about a storage locker theft that she could not corroborate.[2] Moreover, when Constantino pulled over Perry's car, Constantino saw in plain view "plastic construction dollies, boxes, [and] tools . . . in the backseat," as well as "several screwdrivers and hand tools on the driver's floorboard," which could have been the tools the victim had reported stolen. Constantino also learned from a license and background check that Perry had previously been arrested for property crimes. These facts, in combination, gave Deputy Constantino a valid "basis for particularized suspicion" that Perry was the Public Storage burglar. *Id.* at 1129 (emphasis omitted).

Deputy Constantino was also aware of two facts that suggested otherwise, but that were not sufficient to negate reasonable suspicion. First, the manager of the Public Storage facility told Constantino that Perry was a paying customer who

---

firecracker had been set off at the Public Storage facility on the morning of May 20, and (2) the victim reported that firecrackers were stolen from his locker. This, as the Government posited at oral argument, would have given Deputy Constantino some basis to believe that the robbery had occurred on the morning of May 20.

[2] According to Constantino, Perry had told the manager when renting his storage unit two weeks earlier that Perry's locker at another Public Storage location "had been broken into and he needed to move." The manager found this story "odd," however, as she had searched Public Storage's records and had not found a previous rental agreement between the company and Perry.

rented his own storage locker there, potentially giving Perry an innocent explanation for his presence on the morning of May 20. But this is not so exculpatory: Perry's locker was located near the one that was burgled. Moreover, Perry had apparently lied to the manager of the facility about why he was renting a storage unit there. Second, the Public Storage manager had reported to Constantino that a portion of the fence on the north side of the property had been found cut on the morning of May 20, suggesting that the burglar might have entered through the fence. Perry, in contrast, indisputably drove onto the premises by opening its electronic gate. But this is also weak evidence in Perry's favor, as he may have had accomplices who entered through the fence. The manager had seen two other people with Perry at the Public Storage that morning, and one other person was in the car with Perry when Constantino pulled him over. Considering the "totality of the circumstances," *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)), and examining both the incriminating and exculpatory evidence, Deputy Constantino had a reasonable suspicion to prolong his traffic stop of Perry in order to investigate the burglary.

Perry's designation in RIMS as a suspect in a recent, similar burglary of another Public Storage facility would have served only to provide further basis for Constantino's reasonable suspicion of Perry. We need not decide whether the district court properly considered this evidence as part of the analysis. We note,

4

however, that there is a strong argument that it may be so considered, despite the fact that Deputy Constantino did not know the basis for the designation, because it appears likely that the deputy who made the designation had a reasonable justification for doing so. *See United States v. Hensley*, 469 U.S. 221, 233 (1985).

**AFFIRMED.**